IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AB REALTY, LLC, KAY ANDERSON, and JANAE ANDERSON, <br><br> Plaintiffs, <br><br> vs. <br><br> SCOTT LANE, in his individual and official capacity (official capacity claims dismissed 9/24/2019); JANE DOES, and JOHN DOES, <br><br> Defendants. | 8:19CV102 <br><br><br> ORDER |

This matter is before the Court on Plaintiffs' Motion for Leave to File Amended Complaint. ([Filing No. 60](#).) For the reasons explained below, the motion will be granted.

## BACKGROUND

Plaintiffs filed this case on March 11, 2019, naming the City of Omaha, Mayor Jean Stothert, Ben Gray, Scott Lane, David Fanslau, Kevin Mulcahy, Matthew Kuhse, Restoring Dignity, Hannah Wyble, and Lori Vlach as defendants. The Complaint contained twelve causes of action, each brought against all ten Defendants. Plaintiffs alleged contempt of a Consent Decree; disparate treatment under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*; violation of procedural due process and equal protection; violations of 42 U.S.C. § 1983 and 42 U.S.C. §1985; an Eighth Amendment violation; impairment of contracts; unlawful taking and damage to property; violation of the Nebraska Uniform Residential Landlord and Tenant Act ("NURLTA"), Neb. Rev. Stat. § 76-1401, *et seq.*; tortious interference with contractual expectancies; and abuse of process. ([Filing No. 1](#).)

The defendants thereafter filed motions to dismiss requesting that all claims be dismissed. On September 24, 2019, the Court granted the motions, in part, dismissing all claims against the City of Omaha, Restoring Dignity, Lori Vlach, Hannah Wyble, Jean Stothert, David Fanslau, Ben Gray, Kevin Mulcany, and Matthew Kuhse without prejudice. All claims against Defendant Scott Lane ("Lane") in his official and individual capacity were dismissed without prejudice, except for the individual capacity § 1983 claims against him based on alleged Fourth Amendment and procedural due process violations. The order stayed the remaining claims pending resolution of a state court criminal proceeding against Plaintiff Kay Anderson. Those criminal proceedings are ongoing.

On August 22, 2022, Plaintiffs and Defendant Lane filed a joint stipulation requesting that the stay entered in this case be lifted to allow Plaintiffs to file the instant motion for leave to amend the Complaint. (Filing No. 58.) The Court approved the stipulation and lifted the stay for the limited purpose of allowing Plaintiffs to file the motion to amend. Defendant Lane opposes the motion. Hannah Wyble and Lori Vlach, who were previously dismissed as defendants without prejudice, also oppose the motion.

## DISCUSSION

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Plaintiffs' motion to amend states that Plaintiffs seek to amend the Complaint to preserve claims and avoid any potential statute of limitations issues. Plaintiffs contend the amendments are meant to remedy the deficiencies identified by the Court in its September, 2019 dismissal order. In addition to adding factual allegations, the proposed amended complaint adds Gerald Kuhn as a new defendant. It removes Mayor Jean Stothert, David Fanslau, Matthew Kuhse, and Restoring Dignity as defendants, and eliminates several causes of action. The proposed amended complaint

includes claims against Scott Lane, the City of Omaha, Kevin Mulcahy, Gerald Kuhn, Hannah Wyble, Lori Vlanch, and Jane and John Does.

Scott Lane, Hannah Wyble, and Lori Vlach (collectively, "Defendants") maintain the motion to amend should be denied because the proposed amendments are futile. Defendants argue the proposed amendments do not remedy the deficiencies identified by the Court in the September, 2019 order. Defendants maintain that many of the proposed amendments are identical to the allegations rejected by the Court in 2019, and others are futile under governing state and federal law.

Defendants also argue the motion should be denied as untimely because Plaintiffs delayed the underlying state court proceedings for years. Defendants contend the stay in this case has been prolonged due to Plaintiff Kay Anderson's repeated requests for continuances and frivolous appeals in the state criminal proceedings. Defendants argue it would be prejudicial to reopen many of the issues set out in the proposed amended complaint because this matter arose years ago, and circumstances have changed since that time. Defendants maintain it could be difficult to locate witnesses and reopening the matter would result in additional financial and emotional strain on Defendants.

A district court's denial of leave to amend a complaint may be justified if the amendment would be futile. *Geier v. Missouri Ethics Com'n*, 715 F.3d 674, 678 (8th Cir. 2013). "When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) (quotation omitted). However, a motion to amend should be dismissed on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotation omitted). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999).

Here, it is not readily apparent to the Court that amendment would be futile or that the proposed complaint asserts clearly frivolous claims. The issue of whether Plaintiffs should or should not prevail on their claims "should be determined on the merits rather than as part of a

3

motion to amend." *Doyle v. Eli Lilly & Co*., No. 8:06CV412, 2008 WL 215802, at *2 (D. Neb. Jan. 24, 2008). Therefore, the Court will not deny the motion based on futility.

Moreover, Defendants will not be prejudiced by allowing Plaintiffs to amend the Complaint. The Court's earlier dismissal of claims was done "without prejudice" and the remaining claims against Defendant Lane were stayed. Therefore, everyone involved knew that this case would resume, to some extent, at some point. Also, any prejudice due to delays in discovery, if existent, is minimal. It appears that some discovery relevant to the allegations in this case occurred in the pending criminal matter and counsel for both the City and Lane participated. The City seemingly still has access to the information obtained in the criminal proceedings, as well as access to its employee witnesses. Also, to the extent Defendants have not had a chance to conduct discovery in this case, this is likewise true for Plaintiffs AB Realty and Janae Anderson.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File Amended Complaint (Filing No. 60) is granted. This matter is stayed pending resolution of the state court criminal proceedings against Kay Anderson. The Amended Complaint may be served, but Defendants, including Gerald Kuhn, do not need to answer or otherwise respond to the Amended Complaint at this time. Plaintiffs shall provide a copy of this Order to Gerald Kuhn. Within thirty days after resolution of the state court criminal proceedings, Plaintiffs will inform the Court in writing whether they wish to reopen this matter.

Dated this 6th day of March, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge